**E-FILED on** 3/28/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAZOMI COMMUNICATIONS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG TELECOMMUNICATIONS, INC., et al.,<br><br>    Defendants. | No. C-10-05545 RMW<br><br>ORDER DENYING VIZIO, INC.'S MOTION TO ENLARGE TIME TO SERVE INVALIDITY CONTENTIONS<br><br>**[Re Docket No. 156]** |

Defendant Vizio, Inc. ("Vizio") moves for an extension of time to serve its invalidity contentions. Plaintiff opposes the request, arguing that Vizio has failed to show good cause and that an extension would delay claim construction proceedings.

At the case management conference on November 18, 2011, the parties agreed to, and the court subsequently adopted, a procedural schedule that governs both this case ("*Nazomi II*") and *Nazomi Communications, Inc. v. Nokia Corp., et al.*, No. 10-04686 ("*Nazomi I*"). *See* Dkt. No. 135. That schedule provides that defendants were to serve their invalidity contentions by March 13, 2012. Vizio was aware by December 8, 2011 that plaintiff intended to assert infringement of the '160 Patent by adding Vizio to this case rather than by amending the complaint in *Nazomi I*. *See* Dkt. No. 160-2. The fact that service was not effected until March 1, 2012 does not, in itself, constitute good

ORDER DENYING VIZIO, INC.'S MOTION TO ENLARGE TIME TO SERVE INVALIDITY CONTENTIONS—No. C-10-05545 RMW
LJP

cause to modify the schedule. Although *Nazomi I* and *Nazomi II* are distinct cases and are not consolidated, there is substantial overlap between the two, and Vizio's recent addition to this case does not suggest that any of the present circumstances or deadlines were unforeseen. Vizio does not identify any efforts it made to comply with the deadlines or to promptly seek an extension; Vizio simply argues that requiring its invalidity contentions before its answer would be "inappropriate" and such was not Vizio's intention when it agreed to the procedural schedule.

As discussed at the November 18, 2011 case management conference, plaintiff was given a deadline by which to clarify which patents it intended to newly assert against which defendants. Thereafter, the schedule provided for an exchange of contentions with respect to the new infringement claims, so that all defendants would be in the same position with respect to the patents asserted against each of them and further proceedings could be conducted on the same schedule for all defendants. Vizio raised no objections to this approach and agreed to the dates the court adopted. Plaintiff appears to have acted timely in moving to amend the complaint and in serving its infringement contentions. If the court grants Vizio an extension, further proceedings including claim construction will likely be delayed in order to accommodate Vizio's later-served invalidity contentions. Based on the facts and arguments presented, the court finds that an extension is not warranted. Accordingly, Vizio's motion to enlarge time is DENIED. Vizio shall serve its invalidity contentions within seven (7) days of this order.

DATED:       March 28, 2012

RONALD M. WHYTE
United States District Judge

ORDER DENYING VIZIO, INC.'S MOTION TO ENLARGE TIME TO SERVE INVALIDITY CONTENTIONS—No. C-10-05545 RMW
LJP                                                                 2