United States District Court
For the Northern District of California

**E-FILED on** 6/1/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NAZOMI COMMUNICATIONS, INC.,

Plaintiff,

v.

SAMSUNG TELECOMMUNICATIONS, INC., et al.,

Defendants.

No. C-10-05545 RMW

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

**[Re Docket No. 176]**

Plaintiff Nazomi Communications, Inc. ("Nazomi") moves for an order compelling defendants Samsung Telecommunications America, LLC, Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung") to respond to certain discovery propounded by Nazomi. Samsung opposes the motion. On June 1, 2012, the court held a hearing to consider plaintiff's motion. Having considered the papers submitted by the parties and the arguments of counsel, and for the reasons set forth below, the court grants in part and denies in part the motion.

**I. BACKGROUND**

In brief summary, Nazomi is asserting three patents that relate to technology for more efficiently processing Java-based software programs. Nazomi contends that defendants (1) infringe

**United States District Court**
For the Northern District of California

the '362 Patent and '436 Patent based on the use of processor cores designed by defendant-intervenor ARM Inc. ("ARM") that incorporate the Jazelle technology, and/or (2) infringe the '160 Patent based on the use of the Dalvik Virtual Machine, part of Google's Android operating system.

Nazomi now seeks an order compelling Samsung to respond to the following discovery requests:

> **INTERROGATORY NO. 1:** For each of Your Products, identify, on a Product-by-Product basis, the operating system and operating system versions, the chipset(s) or processor(s) in the following format:
>
> [Chart with columns for Product, Operating System and Version, Chipset(s)/Processor(s), and Processor Core(s) Used]
>
> **INTERROGATORY NO. 2:** For each of Your Products, identify, on a Product-by-Product basis, the virtual machine, virtual machine supplier, and virtual machine version in the following format:
>
> [Chart with columns for Product, Virtual Machine Name, Virtual Machine Supplier, and Virtual Machine Version]
>
> **INTERROGATORY NO. 3: ['436 and '362 Patents]** For each of Your Products that use a Java virtual machine or equivalent virtual machine to execute Java bytecodes, state, on a Product-by-Product basis, whether the virtual machine supports and/or uses Jazelle direct bytecode execution (DBX).
>
> . . . .
>
> **INTERROGATORY NO. 7:** For each of Your Products, identify the time period during which the Product was imported, made, used (including any test use), sold or offered for sale in the United States, including specifying the first date the Product was imported, made, used, offered, or sold in the United States and the last date the Product was imported, made, used, offered, or sold in the United States.
>
> . . . .
>
> **INTERROGATORY NO. 15:** Identify, on a Product-by-Product basis, the instruction set(s) supported (*e.g.*, ARMv5, ARMv6, ARMv7, ARMv7-a) by each of Your Products.
>
> . . . .
>
> **RFP NO. 16:** A complete copy of the Source Code included on each of Your Products, including, without limitation, all Source Code relating to the processing and/or execution of bytecodes. The Source Code should be produced as maintained by You in the ordinary course of business, including all directory or folder structures and the corresponding software developer suite and/or environment You use to generate, edit, and review the Source Code.

Nazomi's requests define "Products" as any device that includes a processor capable of executing bytecodes, but the motion seeks responses only as to products equipped with an ARM processor

**United States District Court**
For the Northern District of California

core with Jazelle and/or the Dalvik Virtual Machine. Samsung's responses have been limited to products specifically identified in Nazomi's infringement contentions.

## II. ANALYSIS

### A. Discovery Relating to the '362 and '436 Patents

In opposing Nazomi's motion, Samsung does not appear to argue that discovery should be limited to the products specifically identified in Nazomi's infringement contentions. Rather, Samsung argues that the motion is an attempt to subvert the early *Markman* hearing and motion for summary judgment of non-infringement. Samsung argues that it is premature for Nazomi to seek discovery of products containing an ARM processor core in which Jazelle is disabled, since those products may be rendered irrelevant by the court's rulings. However, the court has already found that, even under a settled claim construction, determining infringement can still involve a factual dispute regarding the functioning of the accused devices. *See Nazomi Commc'ns, Inc. v. Nokia Corp.*, Case No. 5:10-cv-04686, Dkt. No. 335 at 4. The court has also indicated that Nazomi may need certain discovery, including source code, of the products defendants contend are non-infringing, in order for Nazomi to oppose the motion for summary judgment. *See id.* at 5-6; Dkt. No. 173 (Case Management Order) at 3 n.1.

Aside from Interrogatory No. 7 and RFP No. 16, which are discussed below, Nazomi's discovery requests appear to seek basic, straightforward information about Samsung's products. Although Samsung's counsel indicated at the hearing that the information may not be as simple to obtain as it would seem at first glance, no declaration was submitted indicating precisely how burdensome these requests are. Nor has Samsung shown that Nazomi does not need this information for the purposes of determining (1) which products incorporate Jazelle and (2) in which of those products Samsung contends Jazelle is disabled and therefore non-infringing. Those issues are certainly relevant to this case. Thus, the court will require Samsung to respond to Nazomi's requests.

### B. Discovery Relating to the '160 Patent

Samsung states that it is willing to produce the requested information concerning products that incorporate the Dalvik Virtual Machine but argues that Nazomi's requests do not adhere to the court's admonition that the parties "focus on issues relevant to the initial, limited claim construction

United States District Court
For the Northern District of California

issue and pending motion for summary judgment related thereto." Samsung's emphasis on this language ignores the fact that the court explicitly declined to either limit the scope of discovery or order that discovery be conducted in phases. *See* Dkt. No. 173 at 3. Notably, Samsung does not argue that responding to Nazomi's requests will impede its ability to obtain or provide discovery relevant to the early *Markman* and summary judgment hearing. Nonetheless, Samsung has proposed that it will supplement its discovery responses regarding products containing the Dalvik Virtual Machine by June 30, 2012, and Nazomi has not specifically objected. Thus, the court adopts Samsung's proposed timing.

**C. Interrogatory No. 7**

Samsung argues that Nazomi's motion should be denied as to Interrogatory No. 7 because Nazomi has not shown why it is relevant to infringement and because it would be burdensome to collect such information for products that may be irrelevant if defendants are successful in their summary judgment motion. Again, the court notes that discovery in this case has not been bifurcated. However, the court agrees that Nazomi has not particularly explained why this discovery is necessary at this stage, and Samsung has agreed to "produce relevant sales information at the appropriate time." Thus, this aspect of Nazomi's motion is denied without prejudice.

**D. Request for Production No. 16**

Samsung argues that its production of source code should be limited to portions of source code that are relevant to the technology at issue in the patents-in-suit. Samsung also argues that the public version of Android is already available to Nazomi, so it should only be required to produce the non-public, relevant portions for inspection. Nazomi argues that obtaining a complete copy of the source code compiled onto each Samsung device "will enable Nazomi to fully understand the operation of Samsung's products and to determine whether relevant source code is in the exclusive possession of one or more third parties." However, Nazomi has not demonstrated the necessity of "fully understand[ing] the operation of Samsung's products" as opposed to understanding the portion that is covered by its infringement claims. Given the sensitivity of source code, the court is not inclined to order broad disclosure absent a more specific showing. *See also Synopsys, Inc. v. Nassda Corp.*, 2002 WL 32749138 at *1 (N.D. Cal. 2002) (where source code is a trade secret, requesting

United States District Court
For the Northern District of California

party "has the burden of establishing that the disclosure of the source code is both relevant and necessary to the action" (citing *Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*, 107 F.R.D. 288, 292 (D. Del. 1985)).

At the hearing, the parties informed the court that they have agreed, at this time, to limit production of source code for products containing Jazelle to source code for the Java Virtual Machine module. Counsel for Nazomi also stated that a similar limitation would be acceptable regarding products containing the Dalvik Virtual Machine, so long as it could also obtain admissible evidence linking public versions of Android source code to the accused products.

**III. ORDER**

For the foregoing reasons, the court grants in part and denies in part plaintiff's motion to compel as follows:

1. Samsung shall provide responses to Nazomi's Interrogatory Nos. 1-3 and 15 as to products containing an ARM processor core with Jazelle, whether enabled or not, within two weeks of this order;
2. Samsung shall provide responses to Nazomi's Interrogatory Nos. 1-3 and 15 as to products containing the Dalvik Virtual Machine by June 30, 2012;
3. Samsung shall produce source code for the Java Virtual Machine module in its products containing an ARM processor core with Jazelle (a) within two weeks for products listed in Nazomi's infringement contentions and (b) by June 30, 2012 for all other products;
4. Samsung shall produce non-public source code for the Dalvik Virtual Machine module in its products containing the Dalvik Virtual Machine (a) within two weeks for products listed in Nazomi's infringement contentions and (b) by June 30, 2012 for all other products;
5. The remainder of Nazomi's motion is denied without prejudice.

DATED: June 1, 2012

Ronald M. Whyte
RONALD M. WHYTE
United States District Judge